# Exhibit A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF SHERBURNE | TENTH JUDICIAL DISTRICT |

---

Patrick T. Burke and Kathleen C. Burke,

                              **Plaintiffs,**

        v.

Bank of America, N.A.; Bank of America
Home Loans; and Mortgage Electronic
Registration Systems, Inc.,

                              **Defendants.**

File No. _____

Case Type: Civil/Other

**VERIFIED COMPLAINT**

---

Plaintiffs Patrick T. Burke and Kathleen C. Burke (collectively, "Plaintiffs") by and through the undersigned attorneys, for their Verified Complaint against Defendants, state and allege as follows:

### PARTIES AND JURISDICTION

1.    Plaintiffs Patrick T. Burke and Kathleen C. Burke reside at 28610 - 128th Street, Zimmerman, MN 55398.

2.    Defendant Bank of America, N.A. ("BOA"), has a principal business address located at 7105 Corporate Drive, Plano, TX 75024.

3.    Defendant Bank of America Home Loans, ("BOA Home Loans"), has a principal business address located at 3601 Minnesota Drive, Suite 900, Bloomington, MN 55435.

4.    Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), has a principal business address located at 1818 Library Street, Suite 300, Reston, VA 20190.

5.     The Court has jurisdiction over the subject matter and parties to the above-captioned case; the County of Sherburne is the proper venue for the above-captioned case pursuant to Minn. Stat. § 542.02.

### FACTUAL BACKGROUND

I.     **BACKGROUND OF PLAINTIFFS' MORTGAGE.**

6.     Plaintiffs have owned and occupied the property located at 28610 128th Street, Zimmerman, Minnesota 55398 (the "Property") since September 1992.

7.     In or around September 1992, Plaintiffs entered into the original mortgage on the Property, which accompanied a note of Two Hundred Ninety-Two Thousand and 00/100 Dollars ($292,000.00).

8.     At that same time, Plaintiffs entered into a second mortgage with Marquette Bank as a line of credit in the amount of One Hundred Thousand and 00/100 Dollars ($100,000.00).

9.     On or around March 30, 2007, Plaintiffs entered into two separate notes and mortgages with Countrywide Home Loans, Inc., for the purpose of refinancing the Property.

10.    Plaintiffs' primary mortgage on the Property, referenced as loan number accompanied a note of Four Hundred Ninety-Six Thousand and 00/100 Dollars ($496,000.00), with a fixed interest rate of Six and Twenty-Five Hundredths Percent (6.25%)..

11.    Plaintiffs' second mortgage on the Property, referenced as loan number accompanied a note of Ninety-Three Thousand and 00/100 Dollars ($93,000.00) with a fixed interest rate of Nine and Twenty-Five Hundredths Percent (9.25%).

12.    Upon information and belief, Plaintiffs' notes were subsequently assigned to BOA Home Loans and were serviced by BOA.

## II.   PLAINTIFFS SUFFER UNAVOIDABLE FINANCIAL HARDSHIPS AND FALL BEHIND ON THE MORTGAGE.

13.   Plaintiff Patrick Burke works in the housing and construction industry.

14.   In or around 2008, due to the economic conditions, Mr. Burke began to experience a reduction in hours and a substantial loss of income.

15.   In or around the fall of 2008, Plaintiff Kathleen Burke began a part time position at Target to help Plaintiffs meet their monthly financial obligations.

16.   Shortly thereafter, in or around January 2009, Ms. Burke developed terrible back pain and was unable to continue working.

17.   Plaintiffs' financial hardships were further exacerbated when their daughter was injured in a motorcycle accident requiring ongoing medical treatment and resulting in exorbitant medical bills.

18.   In or around April 2009, Plaintiffs contacted BOA Home Loans and informed it of their growing struggle to meet their monthly financial obligations.

19.   At this time, Plaintiffs told BOA Home Loans that they would be unable to meet their upcoming June 2009 mortgage payment without financial assistance.

20.   Since Plaintiffs had been able to make payments up to that date, BOA Home Loans told Plaintiffs they had no reason to provide financial assistance.

21.   In or around June 2009, Plaintiffs again contacted BOA Home Loans to discuss their financial situation and their options to reduce their monthly payments.

22.   Plaintiffs inquired about the possibility of combining their two mortgages so that they could make one reduced payment but BOA Home Loans refused to consider this option.

23.     In or around August 2009, because of their financial hardship and BOA Home Loan's refusal to offer them any financial assistance, Plaintiffs regrettable were unable to make their monthly mortgage payment.

## III.   PLAINTIFFS ATTEMPT TO CURE THEIR DEFICIENCY UNDER THE MORTGAGE.

24.     Around this time, Plaintiffs contacted BOA Home Loans again, seeking a permanent loan modification.

25.     Plaintiffs were instructed to submit an application and their paperwork to apply for a permanent modification through the Home Affordable Modification Program ("HAMP").

26.     While gathering their application documents, on or around September 2, 2009, Plaintiffs received notice from BOA Home Loans that their second mortgage was in default.

27.     This notice stated that if Plaintiffs did not cure the default with a payment in the amount of One Thousand Five Hundred Eighty-Three and 43/100 Dollars ($1,583.43), the mortgage would be accelerated.

28.     On or around September 4, 2009, Plaintiffs finalized their application paperwork and submitted the documents to the fax number provided by BOA Home Loans.

29.     On or around September 11, 2009, Plaintiffs contacted BOA Home Loans to ensure that their application had been received.

30.     BOA Home Loans alleged that the documents were due on September 6, 2009, and had not been received until September 8, 2009.

31.     Plaintiffs insisted that they had sent the documents on September 4, 2009, noting that they still had the fax report that showed the exact date and time of the fax.

32.     BOA Home Loans instructed Plaintiffs to re-fax the application in for review.

4

33.     That same day, on or around September 11, 2009, Plaintiffs submitted their modification application documents to BOA Home Loans for a second time.

34.     On or around September 16, 2011, Plaintiffs received a notice from BOA Home Loans that their primary mortgage was in default and that a payment of Seven Thousand Six Hundred Fifty-Nine and 44/100 Dollars ($7,659.44) was needed in order to cure the default and stop any acceleration of the mortgage.

35.     Unable to cure this default, Plaintiffs began to receive frequent notices and phone calls from BOA Home Loans demanding payment and threatening foreclosure on the Property.

36.     Plaintiffs repeatedly told BOA Home Loans that they were working towards a modification but BOA Home Loans continued to call and threaten Plaintiffs with foreclosure.

37.     In or around September 2009, Plaintiffs began working with Modify My Loan US ("MMLUS") towards securing a permanent loan modification with BOA Home Loans.

38.     At the advice of MMLUS, on or around October 22, 2009, Plaintiffs submitted a partial payment in the amount of Three Thousand Nine Hundred Forty-Five and 65/100 Dollar ($3,945.65) representing their August 2009 monthly payment, including late fees, to BOA Home Loans as a good faith effort to show their desire to bring the mortgage current.

39.     On or around November 13, 2009, Plaintiffs received notice from BOA Home Loans that their payment had been refused because it did not cover the entire amount due on their account. A true and correct copy of this letter is attached hereto as **Exhibit A.**

40.     During the fall and winter of 2009, MMLUS continued to work with BOA Home Loans towards a modification on Plaintiffs' behalf.

41.     BOA Home Loans continued to represent to MMLUS that Plaintiffs were eligible for a HAMP modification and that their application was under final review.

5

42.     After months of reviewing Plaintiffs' HAMP modification application, BOA Home Loans still had not notified Plaintiffs of their approval.

43.     On or around December 4, 2009, Plaintiffs submitted a new modification application to BOA Home Loans. A true and correct copy is attached hereto as **Exhibit B.**

44.     On or around February 11, 2009, MMLUS became United Alliance Network ("UAN") and UAN continued to communicate with BOA Home Loans on Plaintiffs' behalf.

45.     On or around March 19, 2010, BOA Home Loans sent Plaintiffs a letter informing them that their December 4, 2009, modification request had been received but that the financial information provided was ninety (90) days old and could not be used. A true and correct copy is attached hereto as **Exhibit C.**

46.     Although the financial information was current when submitted, Plaintiffs were instructed to provide updated documents to BOA Home Loans.

47.     In or around the end of March 2010, Plaintiffs resubmitted their most current financial information to BOA Home Loans.

**IV.   DEFENDANTS INITIATE INVALID FORECLOSURE PROCEEDINGS.**

48.     Despite their pending modification applications, on or around April 13, 2010, Plaintiffs received notice that a Sheriff's sale on the Property had been scheduled to occur on June 7, 2010.

49.     That same day, on or around April 13, 2010, Plaintiffs also received notice from BOA Home Loans that their request for financial assistance and updated financial information had been received and was under review. A true and correct copy is attached hereto as **Exhibit D.**

50.     On or around April 26, 2010, UAN contacted BOA Home Loans and requested that they suspend all foreclosure proceedings while Plaintiffs' applications were under review.

51.     Following this conversation, Plaintiffs were advised to make a payment to BOA Home Loans, showing their desire and ability to make monthly payments pursuant to their mortgage.

52.     On or around April 27, 2010, Plaintiffs submitted a payment in the amount of Three Thousand Eight Hundred and 00/100 Dollars ($3,800.00) to BOA Home Loans.

53.     On or around May 7, 2010, BOA sent Plaintiff a letter stating that their requests for financial assistance on their second mortgage had been denied.  A true and correct copy is attached hereto as **Exhibit E**.

54.     This letter stated that once Plaintiffs qualified for a HAMP modification of their first loan, they would be eligible for a modification of their second loan as well.

55.     At this time, eight (8) months after submitting their initial application, BOA Home Loans still had not made a decision regarding Plaintiffs' primary mortgage modification application.

56.     On or around May 13, 2010, Plaintiffs received a letter from BOA Home Loans informing them that the payment made on April 27, 2010, had been denied.  A true and correct copy is attached hereto as **Exhibit F**.

57.     By the summer of 2010, Plaintiffs still had not received any decision or further information from BOA Home Loans regarding their requests for financial assistance.

58.     As a result, on or around June 4, 2010, Plaintiffs submitted a third request to BOA Home Loans for a modification of their loan.  A true and correct copy of this application is attached hereto as **Exhibit G**.

7

59.    On or around June 5, 2010, Plaintiffs received notice that the Sheriff's sale scheduled on their Property had been postponed until August 9, 2010.  A true and correct copy is attached hereto as **Exhibit H**.

60.    On or around June 10, 2010, BOA Home Loans informed Plaintiffs that their application and request for financial assistance sent on June 4, 2010, had been received.   A true and correct copy is attached hereto as **Exhibit I**.

61.    By August 2010, BOA Home Loans still had not made any decisions regarding Plaintiffs' modification eligibility.

62.    During the review process, Plaintiffs remained in constant communication with BOA Home Loans and were told that a Sheriff's sale would not occur while their modification applications were pending.

63.    On or around August 9, 2010, despite BOA Home Loan's knowledge of Plaintiffs' ongoing application review and despite representing otherwise to Plaintiffs, the Sheriff's sale occurred as scheduled, resulting in the sale of the Property to BOA.

64.    Pursuant to the foreclosure sale, Plaintiffs' right of redemption expired on February 9, 2011.

65.    Although the Sheriff's sale had already occurred, on or around October 14, 2010, Plaintiffs received a letter from BOA Home Loans requesting more documents in order to review their modification request. A true and correct copy is attached hereto as **Exhibit J**.

66.    On or around October 18, 2010, Plaintiffs received a voicemail message from BOA Home Loans regarding their application and quickly returned the phone call.

8

67.    BOA Home Loans told Plaintiffs that they needed to submit a new application because an item on their June 4, 2010, application had a line through it which rendered the entire application void.

68.    Plaintiffs were upset that it had taken over four (4) months for BOA Home Loans to look over their application and that while their application sat with BOA Home Loans, their home had been sold at the Sheriff's sale.

69.    BOA Home Loans assured Plaintiffs that they could still qualify for a modification and save their home and told Plaintiffs they would send another application immediately.

70.    On or around October 18, 2010, Plaintiffs received a new modification application and letter from BOA Home Loans listing the documents which Plaintiffs needed to provide. A true and correct copy is attached hereto as **Exhibit K.**

71.    Plaintiffs quickly gathered the requested documents and submitted their fourth modification application to BOA Home Loans on or around October 26, 2010. A true and correct copy of this application is attached hereto as **Exhibit L.**

72.    On or around October 29, 2010, although the Sheriff's sale on the Property had occurred almost three (3) months earlier, BOA Home Loans sent Plaintiff notice that their loan had been sent to the Foreclosure Review Committee for review. A true and correct copy of this letter is attached hereto as **Exhibit M.**

73.    During the winter of 2010 and the spring of 2011, Plaintiffs maintained frequent contact with BOA Home Loans discussing their modification application.

74.    BOA Home Loans continued to provide Plaintiffs with conflicting information regarding their eligibility for a modification and the status of their account.

9

75.    On several occasions, BOA Home Loans requested additional documents and told Plaintiffs that they would hear a response on their application within thirty (30) days.

76.    At no time did Plaintiffs receive a denial of any of their four (4) applications, whether verbal, written or otherwise.

77.    On or around June 11, 2011, after months of attempts to contact BOA Home Loans and work towards a modification of their loan, Plaintiffs attended a BOA Home Loans outreach event held at the Minneapolis Convention Center.

78.    Plaintiffs brought all their financial documents with to the event and met with a BOA Home Loans representative and underwriter to discuss their modification.

79.    At this event, Plaintiffs completed another application for a permanent HAMP modification through BOA Home Loans.

80.    BOA Home Loans told Plaintiffs that they would need some time to look over the documents and application but told Plaintiffs that they would be contacted in seven (7) to ten (10) business days regarding a final decision.

81.    On or around June 14, 2011, Plaintiffs received a letter from BOA Home Loans informing them that their most recent modification request was under review and that their eligibility was being evaluated. A true and correct copy is attached hereto as **Exhibit N.**

82.    Several days later, on or around June 20, 2011, Plaintiffs received a letter from foreclosure counsel Peterson, Fram & Bergman, P.A., informing Plaintiffs that they were ineligible for a modification because the Sheriff's sale had already occurred and they were no longer the owners of the Property. A true and correct copy is attached hereto as **Exhibit O.**

## COUNT I

### (Declaratory Judgment - Minn. Stat. §555.02)

83.     Plaintiffs restate and reallege the foregoing paragraphs as though fully stated herein.

84.     These Parties' legal relationship is based upon instruments in the form of the Mortgage.

85.     Under that agreement, Defendants agreed to work with Plaintiffs towards a modification of their mortgage.

86.     The Defendants are violating the aforementioned agreement.

87.     This Court has jurisdiction and power to declare the rights of the parties affected by the Mortgage before or after there has been a breach thereof.

88.     Therefore, Plaintiffs seek a declaratory judgment from this Court declaring that:

   (a) Foreclosure and eviction proceedings were improperly commenced and should be stayed;

   (b) Defendants must honor Plaintiff's HAMP modification requests; and

   (c) Defendants must fully communicate with Plaintiff regarding their eligibility and/or acceptance into a HAMP modification.

## COUNT II

### (Injunctive Relief)

89.     Plaintiffs restate and reallege the foregoing paragraphs as though fully stated herein.

90.     Plaintiffs do not have an adequate remedy at law to remedy the interference with Plaintiffs' property rights as stated above.

11

91.     Plaintiffs are suffering irreparable harm as a result of Defendants' material misrepresentations as stated above, in addition to Defendants' unlawful foreclosure and eviction proceedings as set forth above.

92.     Therefore, Plaintiffs seek temporary and permanent injunctive relief against Defendants tolling and extending Plaintiffs' right to redeem the Property pending a full and final decision on the merits of Plaintiffs' Verified Complaint.

## COUNT III

(Breach of Mortgagee Duty – Minn. Stat. § 580.11)

93.     Plaintiffs restate and reallege the foregoing paragraphs as though fully stated herein.

94.     Pursuant to Minn. Stat. § 580.11, Defendants, as lenders, servicers and mortgagees, owed Plaintiffs a fiduciary duty to act fairly and deal in good faith with Plaintiffs when foreclosing.

95.     Defendants have and continue to breach their statutory duty of good faith and fair dealing by continuing to move forward with foreclosure and eviction proceedings while Plaintiffs have several requests for a permanent modification of their mortgage pending.

96.     Defendants have further breached their statutory duties by failing to fulfill their promises to consider and inform Plaintiffs of their eligibility for a HAMP modification before foreclosing on the Property.

97.     As a direct and proximate result of Defendants' breaches of their duties, Plaintiffs have and continue to suffer damages in excess of $50,000.00, plus reasonable attorneys' fees, costs and disbursements, the exact amount to be determined at trial.

12

## COUNT IV

### (Fraud)

98.   Plaintiffs restate and reallege the foregoing paragraphs as though fully stated herein.

99.   Defendants made representations to Plaintiffs that they were eligible to apply for a permanent HAMP modification of their loan.

100.   Defendants further represented that Plaintiffs application would be reviewed and a decision would be made regarding Plaintiffs' modification eligibility.

101.   Defendants failed to make a decision regarding any of Plaintiffs' five (5) modification applications.

102.   Defendants also represented to Plaintiffs that a Sheriff's sale would not occur while their applications remained under review.

103.   After commencing foreclosure proceedings on the Property, Defendants continued to represent to Plaintiffs that they were eligible for a HAMP modification.

104.   At the time of Defendants' representations, the representations were false and were intended to defraud Plaintiffs.

105.   Plaintiffs were justifiably induced to and did rely on Defendants' representations.

106.   As a result of Defendants' fraudulent representations and Plaintiffs' reliance thereon, Plaintiffs have and continue to suffer damages in an amount in excess of $50,000.00, plus reasonable attorneys' fees, costs and disbursements, the exact amount to be determined at trial.

13

## COUNT V

### (Negligent Misrepresentation)

107.    Plaintiffs restate and reallege the foregoing paragraphs as though fully stated herein.

108.    Defendants in the course of their business supplied information to Plaintiffs for their guidance in a business transaction as set forth above.

109.    Defendants repeatedly represented to Plaintiffs that they would be approved for a HAMP modification which would reduce their mortgage payments to a manageable amount.

110.    Upon receipt of Plaintiffs applications, Defendants represented that Plaintiffs requests were being reviewed and considered.

111.    The information provided by Defendants was false.

112.    Defendants failed to exercise reasonable care or competence in obtaining or communicating the false information as set forth above.

113.    Plaintiffs reasonably relied upon the false information provided by Defendants.

114.    As a result of Defendants' negligent misrepresentations, Plaintiffs have and continue to suffer damages in an amount in excess of $50,000.00, plus reasonable attorneys' fees, costs and disbursements, the exact amount to be determined at trial.

## COUNT VI

### (Promissory Estoppel)

115.    Plaintiffs restate and reallege the foregoing paragraphs as though fully stated herein.

116.    Defendants made a clear and definite promise to Plaintiffs to consider and determine Plaintiffs eligibility for a permanent HAMP modification of their loan.

14

117.   Defendants intended to induce Plaintiffs to rely on its promises.

118.   Plaintiffs reasonably relied upon the promises of Defendants.

119.   Defendants have not fulfilled these promises as set forth above.

120.   As a direct and proximate result of Plaintiffs' reliance on the promises of Defendants, Plaintiffs have and continue to suffer damages in an amount in excess of $50,000.00, plus reasonable attorneys' fees, costs and disbursements, the exact amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray for relief against Defendants as follows:

1.   A judgment in favor of Plaintiffs and against Defendants , jointly and severally, in an amount in excess of Fifty Thousand and no/100 Dollars ($50,000.00), plus reasonable costs and disbursements, the exact amount to be determined at trial;

2.   For a judgment sounding in equity to properly and justly implement the orders and judgments of the Court.

3.   For such other and further relief as the Court deems just and equitable under the facts and circumstances of this case.

SKJOLD PARRINGTON, P.A.

Dated: July 20 , 2011.

Christopher P. Parrington (#034090X)
Patrick D. Boyle (#0390852)
222 South 9th Street, Suite 3220
Minneapolis, MN 55402
[P]: 612-746-2560
[F]: 612-746-2561

*Attorneys for Plaintiffs*

15

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes §549.211, subd. 2, to the party against whom the allegations in this pleading are asserted.

SKJOLD PARRINGTON, P.A.

Dated: July 20, 2011

Christopher P. Parrington (#034090X)

16

## *VERIFICATION*

The foregoing is true and accurate to the best knowledge and belief of the undersigned. Signed under the pains and penalties of perjury.

Dated: July _15_, 2011.                          _Patrick T. Burke_

                                                 Patrick T. Burke

Subscribed and sworn to before me
this _15_ day of July, 2011.

_Angela Christenson_
          Notary Public

ANGELA CHRISTINE CHRISTENSON
Notary Public
Minnesota
My Commission Expires January 31, 2012

## *VERIFICATION*

The foregoing is true and accurate to the best knowledge and belief of the undersigned. Signed under the pains and penalties of perjury.


Dated: July 15, 2011.                              Kathleen C. Burke
                                                   _____
                                                   Kathleen C. Burke


Subscribed and sworn to before me
this 15 day of July, 2011.


_____
        Notary Public


ANGELA CHRISTINE CHRISTENSON
Notary Public
Minnesota
My Commission Expires January 31, 2012


18

BEST COPY AVAILABLE

| | |
|---|---|
| **Bank of America** ⬗⬗⬗<br><br>Home Loans<br><br>Mail Stop CA6-919-01-15<br>450 American Street<br>Simi Valley, CA 93065 | **Notice Date:** November 13, 2009<br><br>**Account No.:**<br><br>**Unique Key** |
| **Mailing Address :**<br>**PATRICK T & KATHLEEN C BURKE**<br>**28610 128th St NW**<br>**Zimmerman MN 55398** | **Property Address:**<br>**28610 128th St NW**<br>**Zimmerman MN 55398**<br><br>Check Number: 28803<br>Date: 10/30/2009<br>Amount: $3,945.63 |

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

Thank you for sending the enclosed payment.  Although we appreciate your effort to settle your account, it is necessary to return these funds to you for the following reason:

The amount remitted does not represent the total due.

**WHAT THIS MEANS**

Please note that additional amounts may become past due until your account is brought fully current.

If you have any questions, please contact us at (800) 669-6654

*August payment        3,78.93*
*  late charge        157.70*
*                     3,945.63*

TOTAMTDUE 7871/0009 0907/2007

**EXHIBIT A**

Jul 04 11 07:56p        Patrick T. Burke        BEST COPY AVAILABLE        763 856 3493        p.25

**Bank of America**

Mail Stop: NY2-001-02-17        Telephone: 1-800-846-2222
475 CrossPoint Pkwy        Fax:        1-716-635-7252
Getzville, NY 14068
E-mail: lossmitigation@bankofamerica.com

Borrower Name: PATRICK T. BURKE

Loan Number:

Event Name: Application for a loan modification

**BORROWER REQUEST FOR HARDSHIP ASSISTANCE**

Sometimes things occur beyond anyone's control that makes it difficult, if not impossible, for homeowners to meet their obligations. Bank of America wants to help.  To complete your request for hardship assistance, we must consider your circumstances to determine your eligibility.  Please provide the following information:

Property Address: 29910  128TH ST N W
ZIMMERMAN, MN 55338
Hm #: 763-856-3493    Wk #: 763-856-3490    Cell #: 612-460-1874
Best time to call: _____    E-mail: PTBURKE1952@HOTMAIL.COM
How did you hear about this event: _____

Please check all that apply:
☑ I live in this house
☑ Occupants in home: 5
☐ This is a second house
☐ This house is vacant
☐ This is a rental property (monthly rent: $_____)
☐ Active BK: (if yes, chapter # or case #)

| INCOME | PRIMARY HOMEOWNER CURRENT | | ADDITIONAL OCCUPANT(S) CURRENT | |
|---|---|---|---|---|
| | Gross | Net | Gross | Net |
| Net Income (monthly income after taxes and benefits are deducted) | $8,800.00 | $6,910.83 | $0.00 | $0.00 |
| Disability | | $0.00 | | $0.00 |
| Rental Income | | $500.00 | | $0.00 |
| Unemployment | | $0.00 | | $0.00 |
| Child Support / Alimony | | $0.00 | | $0.00 |
| Other | | $430.00 | | $0.00 |
| TOTAL MONTHLY NET INCOME | | $7,840.80 | | $0.00 |

Current Employment Status Primary Homeowner: (please check one)
☑ Employed Full-Time    ☐ Employed Part-Time    ☐ Unemployed/Not Working    ☐ Self-Employed    ☐ Retired

Current Employment Status Additional Occupant(s): (please check one)
☐ Employed Full-Time    ☐ Employed Part-Time    ☐ Unemployed/Not Working    ☐ Self-Employed    ☐ Retired

**HOUSEHOLD**
In an effort to evaluate all of the workout options available to you, Bank of America will order a credit report to verify your income and credit obligations.

| LIABILITIES & EXPENSES | CURRENT | | |
|---|---|---|---|
| Credit Card (minimum pmts) How many cards with balances? | $928.00 | | |
| Auto Loan (Monthly Payment Per Vehicle) | (1) $199.23 | (2) $187.06 | (3) |
| Auto Insurance | $500.00 | | |
| Auto Expenses (gas, maintenance, etc...) | | | |
| Transportation (mass transit fees / bus passes / parking / tolls) | $300.00 | | |
| Electricity/ Gas/ Water | $379.00 | | |
| Telephone/ Cellular phone | $360.00 | | |
| Cable / Satellite Dish / Internet | | | |
| Groceries / Household Supplies | $800.00 | | |
| Childcare / School Tuition | | | |
| Medical Expenses | $600.00 | | |
| Installment Loans | (1) $212.83 | (2) $765.09 (second mortgage pmt) | |
| Spending Money | $3,640.23 (First mortgage pmt, taxes and insurance) | | |
| Miscellaneous (please describe) | | | |
| TOTAL MONTHLY EXPENSES | $8,288.48 | | |

Net Income: $7,840.80  - Expenses: $8,288.48  = Surplus: -$447.68 ( Deficit)

Jul 04 11 07:56p      Patrick T. Burke          BEST COPY AVAILABLE          763 856 3493          p.26

Borrower Name: PATRICK T. BURKE          Loan #: _____

### CURRENT MORTGAGE INFORMATION

1st Lien Mortgage Payment (PI): $5,540.25          Taxes & Insurance: $513.33

2nd Lien Mortgage Payment (PI): $755.09          Taxes & Insurance: $513.33

Loan Type: _____          LTV%: 0.67

Are Property Taxes and Homeowners Insurance current (if paid separately)? _____

### REQUIRED DOCUMENTS

☐ 2 Months Bank Statements   ☐ 2 Months Pay Check Stubs   ☐ Letter of Authorization   ☐ 1099 (if Self-Employed)

### REASON FOR DEFAULT/HARDSHIP

Please provide a brief summary stating the reason for the default or hardship below. Feel free to provide an additional page if necessary.

My income suffered a substantial decline as a result of the overall weakness of the economy and my wife who started a job at Target in the fall of

2008, developed lower spine problems and ended up having surgery and will not be gainfully employed again because of the problem. Prior to that our

daughter was involved in a terrible accident and has been in medical treatment which also fell on us , and she is on our insurance and remains one of

our dependents. Recently , another daughter moved home with two kids , when we are trying to stay afloat and everything is going south. It has been

a perfect storm of financial distress for my family and we are at a loss as to what to do.

In the light of the foregoing , we here by apply for a loan modification in order to be able to afford our payments so as to keep the primary residence of

our family.

### AUTHORIZATION FORM IF WORKING WITH A HOUSING COUNSELOR OR FAMILY MEMBER NOT ON THE LOAN

I here by authorize Bank of America to discuss my request for payment assistance with the individual(s) that I have identified below as my designated agent(s) (hereinafter the "Designated Agent"). Further, Bank of America is hereby authorized to negotiate the terms of a various agreement with my Designated Agent and to deliver documents to my Designated Agent which concern my request for payment assistance. I understand that I will b e fully responsible for reviewing any information that is sent by Bank of America to my Designated Agent. This Authorization will remain effective until I specifically notify Bank of America's Loss Mitigation Department in writing that this Authorization is of no further force and effect.

My Designated Agents are:          Kanba Nyangado          Modify My Loan US, LLC
                                   Agent or family member name (please print)          Agency Name (please print)

Date 12/04/09          PATRICK T. BURKE  KATHLEEN C. BURKE
                       Borrower / Co-Borrower's name (please print)          Borrower/Co-Borrower's Signature

### BANK OF AMERICA CONTACT INFORMATION

**Bank of America**
**Loss Mitigation**          Telephone Number:  1-800-846-2222
475 CrossPoint Pkwy          Fax Number:        1-716-635-7252
Mail Stop:  NY2-001-02-17    Email Address:     lossmitigation@bankofamerica.com
Getzville, NY 14068

Notes: _____

_I (we) agree that the financial information provided is an accurate statement of my (our) financial status._

_____          _____
Signature of Borrower          Signature of Co-Borrower

**Bank of America is required by law to inform you that information provided by you on this form may be used to collect debt.**

BEST COPY AVAILABLE

11/25/2009   01:03   61233114222          MODIFYMYLOANUS          PAGE   02/03

Borrower Name: PATRICK T. BURKE _____
Loan Numbe _____

## FINANCIAL WORKSHEET

### BORROWER INFORMATION

| | |
|---|---|
| Property Address: 28610 128TH ST N W _____ <br> ZIMMERMAN, MN 55706 _____ <br> Hm #: 763-856-3493 _____ Wk #: 763-691-3490 _____ <br> Cell # : 612-490-1974 _____ <br> Best time to call: _____ E mail: PTBURKE1952@HOTMAIL.COM _____ | Please check all that apply: <br> ☑ I live in this house <br> ☒ Occupants in home: 6 <br> ☐ This is a second house <br> ☐ This house is vacant <br> ☐ This is a rental property <br>   (monthly rent: $ _____ <br> ☐ Active Bankruptcy |

Borrower Name        PATRICK T. BURKE       Social Security #
Co-Borrower Name     KATHLEEN C. BURKE      Social Security # _____
Mailing Address:     28610  128TH ST N W
                     ZIMMERMAN, MN 55336

### EMPLOYMENT INFORMATION

| BORROWER | | CO-BORROWER | |
|---|---|---|---|
| Employer | HOBSNPAT CONSTRUCTION INC | Employer | _____ |
| Position | _____ | Position | _____ |

### INCOME DATA

| HOUSEHOLD INCOME | PRIMARY HOMEOWNER CURRENT | | ADDITIONAL OCCUPANT(S) CURRENT | |
|---|---|---|---|---|
| | Gross | Net | Gross | Net |
| Employment income | $8,800.00 | $6,908.00 | | |
| Disability | | | | |
| Rental income | $500.00 | $500.00 | | |
| Unemployment | | | | |
| Child Support / Alimony | | | | |
| Other | | | | |
| TOTAL MONTHLY INCOME | $9,300.00 | $7,400.00 | | |

#### Income Frequency: (please check one)
Primary Homeowner:
☑ Weekly  ☐ Bi-Weekly   ☐ Semi Monthly   ☐ Monthly   ☐ Quarterly   ☐ Yearly
Additional Occupant(s):
☐ Weekly  ☐ Bi-Weekly   ☐ Semi Monthly   ☐ Monthly   ☐ Quarterly   ☐ Yearly

#### Current Employment Status Primary Homeowner: (please check one)
☐ Employed Full-Time   ☐ Employed Part-Time   ☐ Unemployed/Not Working   ☑ Self-Employed   ☐ Retired
Current Employment Status Additional Occupant(s): (please check one)
☐ Employed Full-Time   ☐ Employed Part-Time   ☑ Unemployed/Not Working   ☐ Self-Employed   ☐ Retired

### ASSETS / LIABILITIES

| DESCRIPTION | ESTIMATED VALUE | AMOUNT OWED | NET VALUE |
|---|---|---|---|
| Automobile Make / Model | $10,000.00 | $18,500.00 | -$8,500.00 |
| Deposit Accounts – Checking / Savings | $1,200.00 | | $1,200.00 |
| IRA / KEOUGH Accounts | | | |
| 401K Savings Plan | $100,000.00 | | $100,000.00 |
| Stocks / Bonds / CDs | | | |

Jul 04 11 07:54p      Patrick T. Burke   BEST COPY AVAILABLE        763 856 3493              p.22

11/25/2009  01:03    51233114222             MODIFYMYLOANUS                          PAGE   03/03

Borrower Name: PATRICK T. BURKE
Loan Numb:

### HOUSEHOLD LIABILITIES AND EXPENSES

| EXPENSES | MONTHLY PAYMENT | BALANCE DUE |
|---|---|---|
| ALIMONY / CHILD SUPPORT | | |
| AUTOMOBILE EXPENSES (Gas, Maintenance) | $400.00 | |
| CHILD CARE/ELDER CARE | | |
| OTHER MORTGAGE(S) | | |
| EDUCATION | | |
| FOOD - FAMILY | $800.00 | |
| MEDICAL / DENTAL | | |
| PETS | | |
| SPENDING MONEY | | |
| OTHER EXPENSE | | |
| AUTO INSURANCE | $500.00 | |
| HEALTH INSURANCE | | |
| LIFE INSURANCE | | |
| HOSPITAL | | |
| PRESCRIPTIONS | | |
| CABLE | | |
| ELECTRICITY | $250.00 | |
| GAS | $65.00 | |
| TELEPHONE/ CELL PHONE / INTERNET | $380.00 | |
| WATER / SEWAGE | $44.00 | |
| CLOTHING | | |
| DRY CLEANING | | |
| MONTHLY PARKING | | |
| CLUB OR UNION DUES | | |
| SCHOOL OR WORK LUNCHES PURCHASED | | |
| HOA DUES | | |
| OTHER | | |
| **DEBT** | | |
| AUTOMOBILE LOANS | $195.23 | $9,000.00 |
| AUTOMOBILE LOANS | $187.06 | $8,633.03 |
| CREDIT CARDS | $825.00 | $11,433.00 |
| INSTALLMENT LOANS | | |
| MORTGAGE PAYMENT | $3,640.23 | $482,852.00 |
| 2ND LIEN MORTGAGE PAYMENT | $765.08 | $91,572.00 |
| PROPERTY TAXES AND INSURANCE (if not included in mortgage payment) | | |
| PERSONAL LOANS | $212.68 | $3,457.00 |
| OTHER SECURED DEBT | | |
| OTHER UNSECURED DEBT | | |
| OTHER | | |
| **TOTAL EXPENSES/DEBT** | $7,464.49 | $716,951.03 |

Net Income: $7,408.00   - Expenses: $7,888.49   = Surplus: $-480.49

| UPFRONT FUNDS AVAILABLE | Amount: $ |
|---|---|

BORROWER:

_Patrick T. Burke_ (signature)      11/25/2009
Signature                           Date

PATRICK T. BURKE
Name (please print)

CO-BORROWER:

_Kathleen C. Burke_ (signature)     11/25/2009
Signature                           Date

KATHLEEN C. BURKE
Name (please print)

**Bank of America**

Home Loans
*Customer Service Department, CA6-919-01-41*
*PO Box 5170*
*Simi Valley, CA 93062-5170*

**Notice Date:** March 19, 2010

**Account No.:**

Patrick T & Kathleen C Burke
28610 128th St Nw
Zimmerman, MN  55398

**Property Address:**
28610 128th St
Zimmerman, MN  55398

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

We received your request for financial assistance with your loan.  Unfortunately, the financial information you originally provided is older than 90 days.

**WHAT YOU NEED TO DO**

We regret that we are unable to use the information you previously provided to assist us in evaluating your eligibility for mortgage assistance.  We request that you provide the following updated information:

**Proof of Income and Expenses**
1. Most recent pay stub or last quarter Profit and Loss Statement (If self-employed)
2. Most recent bank statement
3. Most recent income tax return.

Please make sure to include your account number on your request.  Please fax the information to 1-800-658-0395.

Or, you may mail it to:

**Customer Service Correspondence Unit**
**CA6-919-01-41**
**PO Box 5170**
**Simi Valley, CA  93062-5170**

**THANK YOU FOR YOUR BUSINESS**

You are a valued customer here at BAC Home Loans Servicing, LP.  It is our continued goal to provide our customers with the highest level of customer satisfaction.

If you need further assistance, please contact our Home Retention Department directly at 1 800-669-6607.

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

WOPKG FIN EXPRD 11377        **EXHIBIT C**

**Bank of America**

Home Loans
Customer Service Department, CA6-919-01-41 BEST COPY AVAILABLE
PO Box 5170
Simi Valley, CA 93062-5170

**Notice Date:**  April 13, 2010

**Account No.:**

Patrick T & Kathleen C Burke
28610 128th St Nw
Zimmerman, MN  55398

**Property Address:**
28610 128th St
Zimmerman, MN  55398

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

· This letter is in response to your correspondence received on April 5 2010 .  Your request for
assistance, along with your personal financial information, has been received.

**WHAT YOU NEED TO DO**

.  We do appreciate your patience in allowing us this time to review your loan for possible
modification.  You will be contacted once we have the results of our analysis.

In the meantime, your loan will remain in normal servicing, and you are still required to make
your monthly payments.  Your monthly payment is due on the 1st of each month, in accordance
with your Note.  Your loan has a 15 day grace period before late charges are applied.  Failure to
maintain timely payments may affect our ability to assist you in the future, so we do encourage
you to continue to make your payments on time.

You may check the status of your workout request on our website at www.bankofamerica.com,
or you can call and speak to our Home Retention Department at 800-669-6650.

**THANK YOU FOR YOUR BUSINESS**

You are a valued customer here at BAC Home Loans Servicing, LP.  It is our continued goal to
provide our customers with the highest level of customer satisfaction.  We look forward to
serving you again soon.

---

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

WOPKG Recvd  11384

**EXHIBIT D**

BEST COPY AVAILABLE

**Bank of America.**

*Statement on 2nd Mortgage*

NC4-105-02-66
P.O. Box 21848
Greensboro, NC 27499

**PATRICK T BURKE**
**KATHLEEN C BURKE**
**28610 128th St NW**
**Zimmerman, MN - 55398**

**May 7, 2010**

**RE: Account No.**

Dear **PATRICK T BURKE, KATHLEEN C BURKE**

Thank you for your recent request for assistance. After careful consideration, we are
unable to approve your request on the above referenced loan. If you wish to review the
specific reasons why we are unable to approve your request, please contact us within 60
days. We regret that we are unable to assist you at this time, if there is a change in your
situation, you may reapply at a later date. If you have any questions, please feel free to
contact us at the number below.

Bank of America is a participating servicer in the Treasury's "Making Home Affordable"
(MHA) Program. For more information, go to http://www.bankofamerica.com/mha.
When you successfully qualify for a first lien MHA loan modification, whether your first
lien loan is serviced by Bank of America or another lender, it could lead to a second lien
MHA loan modification as well. Even if you are not eligible for the first lien MHA loan
modification today, a change in financial circumstances may prompt future eligibility.
Therefore, this modification request and any other relief options provided may be
reviewed again at a later date to help you determine first lien MHA loan modification
eligibility and to offer additional second lien loan assistance when possible.

Sincerely,

Loss Mitigation
Home Retention Division
(800) 936-6362

NS

**EXHIBIT E**

| **Bank of America** 🏳 | Notice Date: May 13, 2010 |
|---|---|
| Home Loans | Account No.: |
| Mail Stop CA6-919-01-15<br>450 American Street<br>Simi Valley, CA 93065 | Unique Key: |
| **Mailing Address :**<br>**PATRICK T & KATHLEEN C BURKE**<br>**28610 128TH ST**<br>**ZIMMERMAN, MN 55398** | **Property Address:**<br>**28610 128TH ST**<br>**ZIMMERMAN, MN 55398**<br><br>Check Number:  9623<br>Date:  04/27/2010<br>Amount: $3,800.00 |

## IMPORTANT MESSAGE ABOUT YOUR LOAN

Thank you for sending the enclosed payment. Although we appreciate your effort to settle your account, it is necessary to return these funds to you for the following reason:

The amount remitted does not represent the total due.

## WHAT THIS MEANS

Please note that additional amounts may become past due until your account is brought fully current.

If you have any questions, please contact us at (800) 669-6654

TOTAMTDUE 7674/80:          **EXHIBIT F**

BEST COPY AVAILABLE

Making Home Affordable Program
Request For Modification and Affidavit (RMA)


MAKING HOME AFFORDABLE.com

| Loan I.D. Number | Servicer: BAC Home Loans Servicing, LP |
|---|---|

| Borrower's name | Patrick Burke | Co-Borrower's Name | Kathleen Burke |
|---|---|---|---|
| Social Security number | Date of birth 12-30-1952 | Social Security number | Date of birth 03-13-1958 |
| Home phone number with area code 763-856-3493 | | Home phone number with area code 763-856-3493 | |
| Cell or work number with area code 612-490-1624 | | Cell or work number with area code 763-447-5976 | |

| I want to: | ☑ Keep the Property | ☐ Sell the Property |
|---|---|---|
| The property is my: | ☑ Primary Residence | ☐ Second Home | ☐ Investment |
| The property is: | ☑ Owner Occupied | ☐ Renter Occupied | ☐ Vacant |

Mailing address: 28610 128th St. Zimmerman, MN 55398

Property address (if same as mailing address, just write same): 28610 128TH ST, ZIMMERMAN, MN, 55398

E-mail address:

| | |
|---|---|
| Is the property listed for sale? ☐ Yes ☑ No | Have you contacted a credit-counseling agency for help? ☐ Yes ☑ No |
| Have you received an offer on the property? ☐ Yes ☐ No | If yes, please complete the following: |
| Date of offer _____ Amount of offer $_____ | Counselor's Name: _____ |
| Agent's Name: _____ | Agency Name: _____ |
| Agent's Phone Number: _____ | Counselor's Phone Number: _____ |
| For Sale by Owner? ☐ Yes ☐ No | Counselor's E-mail: _____ |

| | |
|---|---|
| Who pays the real estate tax bill on your property? | Who pays the hazard insurance premium for your property? |
| ☐ I do  ☑ Lender does  ☐ Paid by condo or HOA | ☐ I do  ☑ Lender does  ☐ Paid by condo or HOA |
| Are the taxes current? ☑ Yes ☐ No | Is the policy current? ☑ Yes ☐ No |
| Condominium or HOA Fees ☐ Yes ☑ No $_____ | Name of Insurance Co.: West Bend Mutual Ins Co. |
| Paid to? _____ | Insurance Co. Tel #: 1-888-926-4244 |

Have you filed for bankruptcy? ☐ Yes ☑ No  If yes: ☐ Chapter 7 ☐ Chapter 13   Filing Date _____
Has your bankruptcy been discharged? ☐ Yes ☐ No  Bankruptcy case number _____

Additional Liens/Mortgages or Judgments on this property:

| Lien Holder's Name/Servicer | Balance | Contact Number | Loan Number |
|---|---|---|---|
| | | | |
| | | | |

I (We) am/are requesting review under the Making Home Affordable program.
I am having difficulty making my monthly payment because of financial difficulties created by (check all that apply):

| | |
|---|---|
| ☑ My household income has been reduced. For example: unemployment, underemployment, reduced pay or hours, decline in business earnings, death, disability or divorce of a borrower or co-borrower. | ☑ My monthly debt payments are excessive and I am overextended with my creditors. Debt includes credit cards, home equity or other debt. |
| ☑ My expenses have increased. For example: monthly mortgage payment reset, high medical or health care costs, uninsured losses, increased utilities or property taxes. | ☑ My cash reserves, including all liquid assets, are insufficient to maintain any current mortgage payment and cover basic living expenses at the same time. |
| ☐ Other | |

Explanation (continue on back of page 3 if necessary): See attached sheet.

**EXHIBIT G**

Jul 04 11 08:00p        Patrick T. Burke        **BEST COPY AVAILABLE**        763 856 3493        p.36

*Error when line is crossed out*        *June 4  2010*

## REQUEST FOR MODIFICATION AND AFFIDAVIT (RMA): page 2        COMPLETE ALL THREE PAGES OF THIS FORM

## INCOME/EXPENSES FOR HOUSEHOLD[1]        ► Number of People in Household: 6

| Monthly Household Income | | Monthly Household Expenses/Debt | | Household Assets | |
|---|---|---|---|---|---|
| Monthly Gross Wages | $ 8800 | First Mortgage Payment | $ 3053.96 | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Payment | $ 765.09 | Checking Accounts | $ |
| Child Support / Alimony / Separation[2] | $ | Insurance  *Auto Insurance    520* | $ 217.31 | Savings/ Money Market | $ |
| Social Security/SSDI | $ | Property Taxes | $ 363.83 | CDs | $ |
| Other monthly income from pensions, annuities or retirement plans | $ | Credit Cards / Installment Loan(s) (total minimum payment per month) | $ 837.88 | Stocks / Bonds | $ |
| Tips, commissions, bonus and self-employed income | $ | Alimony, child support payments | $ | Other Cash on Hand | $ |
| Rents Received / *Contributions* | $ 500 | Net Rental Expenses  *Medical Expenses    350*  HOA/Condo Fees/Property Maintenance  *0* | $ | Other Real Estate (estimated value) | $ |
| Unemployment Income | $ | Car Payments | $ 386.28 | Other | $ |
| Food Stamps/Welfare | $ | Other Utility Bills/Phone  Groceries/Household Suppli  *Auto Expenses* | $ 542.57  750.°°  *300.°°* | Other | $ |
| Other (investment income, royalties, interest, dividends etc) *Repayment from Daughter* | $ 430 | | | Do not include the value of life insurance or retirement plans when calculating assets (401k, pension funds, annuities, IRAs, Keogh plans, etc) | |
| **Total (Gross Income)** | $ 9730 | **Total Debt/Expenses** | *$6100.95* | **Total Assets** | $ |

## INCOME MUST BE DOCUMENTED

[1] Include combined income and expenses from the borrower and co-borrower (if any). If you include income and expenses from a household member who is not a borrower, please specify using the back of this form if necessary.
[2] You are not required to disclose Child Support, Alimony or Separation Maintenance income unless you choose to have it considered by your Servicer.

## INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information, but are encouraged to do so.** The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if you have made this request for a loan modification in person. **If you do not wish to furnish the information, please check the box below.**

| BORROWER | ☐ I do not wish to furnish this information. | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino  ☒ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino  ☒ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☒ White | Race: | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☒ White |
| Sex: | ☐ Female  ☒ Male | Sex: | ☒ Female  ☐ Male |

| To be completed by interviewer | | Name/Address of Interviewer's Employer |
|---|---|---|
| This request was taken by:  ☐ Face-to-face interview  ☐ Mail  ☐ Telephone  ☐ Internet | Interviewer's Name (print or type) & ID Number  ___  Interviewer's Signature        Date  ___  Interviewer's Phone Number (include area code) | |

Jul 04 11 08:01p        Patrick T. Burke        **BEST COPY AVAILABLE**        763 856 3493               p.37

REQUEST FOR MODIFICATION AND AFFIDAVIT (RMA)  page 3        COMPLETE ALL THREE PAGES OF THIS FORM

### ACKNOWLEDGEMENT AND AGREEMENT

*In making this request for consideration under the Making Home Affordable Program, I certify under penalty of perjury:*

1. That all of the information in this document is truthful and the event(s) identified on page 1 is/are the reason that I need to request a modification of the terms of my mortgage loan, short sale or deed-in-lieu of foreclosure.

2. I understand that the Servicer, the U.S. Department of the Treasury, or their agents may investigate the accuracy of my statements and may require me to provide supporting documentation. I also understand that knowingly submitting false information may violate Federal law.

3. I understand the Servicer will pull a current credit report on all borrowers obligated on the Note.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this document, the Servicer may cancel any Agreement under Making Home Affordable and may pursue foreclosure on my home.

5. That: my property is owner-occupied; I intend to reside in this property for the next twelve months; I have not received a condemnation notice; and there has been no change in the ownership of the Property since I signed the documents for the mortgage that I want to modify.

6. I am willing to provide all requested documents and to respond to all Servicer questions in a timely manner.

7. I understand that the Servicer will use the information in this document to evaluate my eligibility for a loan modification or short sale or deed-in-lieu of foreclosure, but the Servicer is not obligated to offer me assistance based solely on the statements in this document.

8. I am willing to commit to credit counseling if it is determined that my financial hardship is related to excessive debt.

9. I understand that the Servicer will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of any Making Home Affordable Agreement by Servicer to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Homeowner Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services in conjunction with Making Home Affordable; and (e) any HUD-certified housing counselor.

_____        _____
Borrower Signature                                              Date

_____        _____
Co-Borrower Signature                                         Date

**HOMEOWNER'S HOTLINE**

If you have questions about this document or the modification process, please call your servicer.
If you have questions about the program that your servicer cannot answer or need further counseling,
you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about
the program and offers free HUD-certified counseling services in English and Spanish.

**888-995-HOPE**
Homeowner's HOPE™ Hotline

**NOTICE TO BORROWERS**

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatements regarding your occupancy in your home, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to Lender in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.

page 3 of 3

Jul 04 11 08:02p      Patrick T. Burke

763 856 3493                    p.38

## BEST COPY AVAILABLE

Borrower Name: _____
Loan Number: _____

| EXPENSES | MONTHLY PAYMENT | BALANCE DUE |
|---|---|---|
| ALIMONY/ CHILD SUPPORT | $ - | |
| AUTOMOBILE EXPENSES (Gas, Maintenance) | $ 300.00 | |
| CHILD CARE/ELDER CARE | $ - | |
| OTHER MORTGAGE(S) | | |
| EDUCATION | | |
| FOOD - FAMILY | $ 750.00 | |
| MEDICAL/DENTAL   (Out of Pocket expenses) | $ 350.00 | |
| PETS | | |
| SPENDING MONEY | | |
| OTHER EXPENSE | | |
| AUTO INSURANCE | $ 500.00 | |
| HEALTH INSURANCE | | |
| LIFE INSURANCE | | |
| HOSPITAL | | |
| PRESCRIPTIONS | | |
| CABLE | $ 80.00 | |
| ELECTRICITY | $ 237.57 | |
| GAS | $ 85.00 | |
| TELEPHONE/CELL PHONE/INTERNET | $ 150.00 | |
| WATER/SEWAGE | $ 40.00 | |
| CLOTHING | | |
| DRY CLEANING | | |
| MONTHLY PARKING | | |
| CLUB OR UNION DUES | | |
| SCHOOL OR WORK LUNCHES PURCHASED | | |
| HOA DUES | | |
| OTHER | | |
| **DEBT** | | |
| AUTOMOBILE LOANS | $ 199.23 | |
| AUTOMOBILE LOANS | $ 187.05 | |
| CREDIT CARDS | $ 625.00 | |
| INSTALLMENT LOANS | $ 212.88 | |
| MORTGAGE PAYMENT | $ 3,635.19 | |
| 2ND LIEN MORTGAGE PAYMENT | $ 765.09 | |
| PROPERTY TAXES AND INSURANCE | | |
| (if not included in mortgage payment) | | |
| PERSONAL LOANS | | |
| OTHER SECURED DEBT | | |
| OTHER UNSECURED DEBT | | |
| OTHER | | |
| **TOTAL EXPENSES/DEBT** | **$ 8,116.92** | **$ -** |

Net Income  $    7,840.80   -Expenses  =Deficit      $    (276.12)

| UPFRONT FUNDS AVAILABLE | Amount: |
|---|---|

BORROWER:

_Patrick T. Burke_          June    04      2010
Signature                          Date

_Patrick T. Burke_
Name (please print)

CO-BORROWER:

_Kathleen C. Burke_          June 4      2010
Signature                          Date

_Kathleen C. Burke_
Name (please print)

## NOTICE OF MORTGAGE FORECLOSURE SALE

---

**THE RIGHT TO VERIFICATION OF THE DEBT AND IDENTITY OF THE ORIGINAL CREDITOR WITHIN THE TIME PROVIDED BY LAW IS NOT AFFECTED BY THIS ACTION.**

---

NOTICE IS HEREBY GIVEN,   that default has occurred in the conditions of the following described mortgage:

DATE OF MORTGAGE: 3/30/2007

MORTGAGOR(S):  Patrick T Burke and Kathleen C Burke, husband and wife.

MORTGAGEE:   Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc.

SERVICER:  Bank of America, N.A.

MORTGAGE ID #:

DATE AND PLACE OF RECORDING:  Recorded April 16, 2007, Sherburne County Recorder, Document No. 647831.

ASSIGNMENTS OF MORTGAGE: Assigned to: BAC Home Loans Servicing, LP Dated:March 04, 2010,

LEGAL DESCRIPTION OF PROPERTY:  The North 333 feet of the South 933 feet of the SE 1/4 of the SE 1/4 of Section 29 Township 35 Range 26, subject to road

TAX PARCEL NO.:  01-029-4400

ADDRESS OF PROPERTY:
28610 128th St
Zimmerman, MN 55398

COUNTY IN WHICH PROPERTY IS LOCATED:  Sherburne

ORIGINAL PRINCIPAL AMOUNT OF MORTGAGE: $496,000.00

AMOUNT DUE AND CLAIMED TO BE DUE AS OF DATE OF NOTICE, INCLUDING TAXES, IF ANY, PAID BY MORTGAGEE: $510,726.54

**EXHIBIT H**

That prior to the commencement of this mortgage foreclosure proceeding Mortgagee/Assignee of Mortgage complied with all notice requirements as required by statute; that no action or proceeding has been instituted at law or otherwise to recover the debt secured by said mortgage, or any part thereof;

PURSUANT to the power of sale contained in said mortgage, the above described property will be sold by the Sheriff of said county as follows:

DATE AND TIME OF SALE: Monday, August 09, 2010, 10:00 a.m.

PLACE OF SALE: Sheriff's Office, Sherburne County Government Center, City of Elk River

to pay the debt then secured by said Mortgage, and taxes, if any, on said premises, and the costs and disbursements, including attorneys' fees allowed by law subject to redemption within 6 months from the date of said sale by the mortgagor(s), their personal representatives or assigns.

DATE TO VACATE PROPERTY: The date on or before which the mortgagor must vacate the property if the mortgage is not reinstated under Minnesota Statutes section 580.30 or the property redeemed under Minnesota Statutes section 580.23 is 02-09-2011 at 11:59 p.m.  If the foregoing date is a Saturday, Sunday or legal holiday, then the date to vacate is the next business day at 11:59 p.m.

MORTGAGOR(S) RELEASED FROM FINANCIAL OBLIGATION ON MORTGAGE: NONE

THE TIME ALLOWED BY LAW FOR REDEMPTION BY THE MORTGAGOR, THE MORTGAGOR'S PERSONAL REPRESENTATIVES OR ASSIGNS, MAY BE REDUCED TO FIVE WEEKS IF A JUDICIAL ORDER IS ENTERED UNDER MINNESOTA STATUTES SECTION 582.032, DETERMINING, AMONG OTHER THINGS, THAT THE MORTGAGED PREMISES ARE IMPROVED WITH A RESIDENTIAL  DWELLING OF LESS THAN FIVE UNITS, ARE NOT PROPERTY USED IN AGRICULTURAL PRODUCTION, AND ARE ABANDONED.

Dated: June 09, 2010

BAC Home Loans Servicing, LP
Assignee of Mortgagee

Peterson, Fram & Bergman, P.A.
By: Steven H. Bruns
Attorneys for:
BAC Home Loans Servicing, LP
Assignee of Mortgagee

55 E. 5th St., Suite 800
St. Paul, MN 55101
(651) 291-8955

### THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

## HELP FOR HOMEOWNERS IN FORECLOSURE

*The attorney preparing this foreclosure is:*    Steven H. Bruns
Peterson, Fram & Bergman, P.A.
55 East Fifth Street, Ste. 800
St. Paul, MN 55101
Telephone: 651-291-8955

It is being prepared for: Bank of America, N.A., 1-800-669-6607
As of 02-17-2010 this lender said that you owed $3,792.93 to bring your mortgage up to
date. **Additional payments, fees and costs have accrued since that date.** Minnesota
Statutes Sec. 580.30 allows you to reinstate the loan any time prior to the sheriff's
foreclosure sale. Contact your lender at the above number or this office for the amount
you must pay to keep your house from going through a sheriff's sale. The sheriff's sale is
scheduled for Monday, August 09, 2010, 10:00 a.m. at Sheriff's Office, Sherburne
County Government Center, City of Elk River.

Mortgage foreclosure is a complex process. People may contact you with advice and
offers to help "save" your home.

**Remember:** It is important that you learn as much as you can about foreclosure and your
situation. Find out about all your options before you make any agreements with anyone
about the foreclosure of your home.

### Getting Help
As soon as possible, you should contact your lender at the above number to talk about
things you might be able to do to prevent foreclosure. You should also consider
contacting the foreclosure prevention counselor in your area. A foreclosure prevention
counselor can answer your questions, offer free advice, and help you create a plan which
makes sense for your situation.

*Contact the Minnesota Home Ownership Center at 651-659-9336 or 866-462-6466 or*
*www.hocmn.org to get the phone number and location of the nearest counseling*
*organization. Call today. The longer you wait, the fewer options you may have for a*
*desirable result.*

### Information About the Foreclosure Process
You do not need to move at the time of the sheriff's sale. After the sheriff's sale you have
the right to "redeem." Redeem means that you pay off the entire loan amount plus fees to
keep your house. You can keep living in your home for a period of time. This is called a
"redemption period". The redemption period is after the sheriff's sale. This redemption
period is your chance to try and sell your home or refinance it with a different loan. You
can also pay the redemption amount with any other funds you have available. At the end
of the redemption period you will have to leave your home. If you do not, the person or
company that bid on your home at the sheriff's sale has the right to file an eviction against
you in district court.

# FORECLOSURE: ADVICE TO TENANTS

You are renting in a property that is in foreclosure. Minnesota law requires that we send you this notice about the foreclosure process. Please read it carefully.

**The mortgage foreclosure does not change the terms of your lease. You and your landlord must continue to follow the terms of your lease, including the rights and responsibilities of you and your landlord. You must keep paying rent unless you have a legal reason to withhold it. Your landlord must keep the property repaired. Utilities must be paid under the terms of your lease or under state law.**

**Moving out of the property early might be a violation of your lease.** The date of the sheriff's foreclosure sale is in the attached foreclosure notice. In most cases you do not need to move from the property before the sheriff's foreclosure sale. Read your lease to see if it says anything about foreclosure and about the rights you may have if the property is in foreclosure. If you have a month-to-month lease, the foreclosure notice does not change the rules for ending your lease. You and your landlord must still give legal notice to end your lease.

In most cases, your landlord has six months after the date of the foreclosure sale to pay off the mortgage. This is called the "redemption period". Read the attached foreclosure notice to determine the redemption period length. You cannot be asked to move during the redemption period except for lease violations or if your lease expires during the redemption period. If your landlord stops the foreclosure, you may not have to move. If your landlord does not stop the foreclosure there will be a new owner of the property at the end of the redemption period.

The new owner may have the legal right to ask you to move even if your lease is not over. The new owner must still give you a written notice stating that the new owners wants you to move.

Do not wait to get information about foreclosure. Mortgage foreclosure is a complicated process. It is important you learn about your rights as a renter when there is a mortgage foreclosure. You may have fewer options if you wait too long. There are government agencies and nonprofit organizations that you may contact for helpful information about the foreclosure process. For the name and telephone number of an organization near you, please call the legal aid office or bar association office in your county. You can also find information on tenant rights at HOME Line at 866-866-3546 and Law Help Minnesota at http://www.LawHelpMN.org. The State of Minnesota does not guarantee the advice of these agencies and organizations.

## HOMESTEAD DESIGNATION NOTICE

IF PART OF THE PROPERTY TO BE SOLD CONTAINS YOUR HOUSE, YOU MAY DESIGNATE AN AREA AS A HOMESTEAD TO BE SOLD AND REDEEMED SEPARATELY.

YOU MAY DESIGNATE THE HOUSE YOU OCCUPY AND ANY AMOUNT OF THE PROPERTY AS A HOMESTEAD. THE DESIGNATED HOMESTEAD PROPERTY MUST CONFORM TO THE LOCAL ZONING ORDINANCES AND BE COMPACT SO THAT IT DOES NOT UNREASONABLY REDUCE THE VALUE OF THE REMAINING PROPERTY.

YOU MUST PROVIDE THE PERSON FORECLOSING ON THE PROPERTY, THE SHERIFF AND THE COUNTY RECORDER WITH A COPY OF THE LEGAL DESCRIPTION OF THE HOMESTEAD YOU HAVE DESIGNATED BY TEN BUSINESS DAYS BEFORE THE DATE THE PROPERTY IS TO BE SOLD.

**Bank of America** 

Home Loans
Customer Service Department, CA6-919-01-41
PO Box 5170
Simi Valley, CA  93062-5170

Notice Date:   June 10, 2010

Account No.:

Patrick T & Kathleen C Burke
28610 128th St Nw
Zimmerman, MN  55398

Property Address:
28610 128th St
Zimmerman, MN  55398

---

### IMPORTANT MESSAGE ABOUT YOUR LOAN

This letter is in response to your correspondence received on June 4, 2010. Your request for assistance, along with your personal financial information, has been received.

### WHAT YOU NEED TO DO

We do appreciate your patience in allowing us this time to review your loan for possible modification. You will be contacted once we have the results of our analysis.

In the meantime, your loan will remain in normal servicing, and you are still required to make your monthly payments. Your monthly payment is due on the 1st of each month, in accordance with your Note. Your loan has a 15 day grace period before late charges are applied. Failure to maintain timely payments may affect our ability to assist you in the future, so we do encourage you to continue to make your payments on time.

You may check the status of your workout request on our website at www.bankofamerica.com, or you can call and speak to our Home Retention Department at 1-800-669-6650.

### THANK YOU FOR YOUR BUSINESS

You are a valued customer here at BAC Home Loans Servicing, LP.  It is our continued goal to provide our customers with the highest level of customer satisfaction.  We look forward to serving you again soon.

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

WOPKG Recvd  11

**EXHIBIT I**

**Bank of America**



**Home Loans**

*Customer Service Department, CA6-919-01-41*
*PO Box 5170*
*Simi Valley, CA 93062-5170*

**Notice Date:**  October 14, 2010

**Account No.**

Patrick T. and Kathleen C. Burke
28610 128th St NW
Zimmerman, MN  55398

**Property Address:**
28610 128th St
Zimmerman, MN  55398

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

We recently received your request for financial assistance with your loan.  BAC Home Loans Servicing, LP. understands your situation and would like to offer its assistance in helping you bring your loan current.

**WHAT YOU NEED TO DO**

Prior to processing your request, we will need to verify key information.  Please send the following information and return it to us as soon as possible to assure that your request is processed in a timely manner.  Although you may have a valid financial hardship, not all applicants will qualify.

<u>Proof of Income</u>
1.  Most recent pay stub or last quarter Profit and Loss Statement (If self employed)
2.  Most recent bank statement
3.  Most recent income tax return

Please make sure to include your account number on your request.  Please fax the information to 1-(800) 520-5019 or mail the information to:

BAC Home Loans Servicing, LP.
Correspondence Unit CA6-919-01-41
P.O. Box 5170
Simi Valley, CA  93062-5170

Your loan is currently due for August 2009.  The total due to bring your loan current does not include any fees that may have been assessed on your loan as a result of the default.  We may take up to 30 days to determine if you qualify for workout assistance.  In the meantime, your loan will remain in normal servicing and you are still required to make your monthly payments during the application process.  Your monthly payment is due on the 1st of each month, in accordance with your Note.  Your loan has a 15 day grace period before late charges are applied.  If your monthly payment is not received within the month the payment is due, a 30 day delinquency will be reported to the credit reporting agencies with whom BAC Home Loans Servicing, LP. corresponds.

---

**THANK YOU FOR YOUR BUSINESS**

You are a valued customer here at BAC Home Loans Servicing, LP.  It is our continued goal to provide our customers with the highest level of customer satisfaction.  If you need further assistance, please contact our Home Retention Department directly at (800) 669-6650.

This communication is from BAC Home Loans Servicing, LP, the Bank of America company that services your home loan.

WOPKG  1                          **EXHIBIT J**

Jul 04 11 08:20p        Patrick T. Burke        **BEST COPY AVAILABLE** 763 856 3493        p.79



**We need important information before we can determine if you are eligible for a loan modification.**

**We must receive it by November 17, 2010.**

Patrick Burke
Kathleen Burke
28610 128TH ST
ZIMMERMAN, MN 55398

Loan Number:                                                                                October 18, 2010

Dear Patrick Burke and Kathleen Burke:

Thank you for your interest in the federal government's Home Affordable Modification Program. The process requires we receive certain financial information from you. This information will enable us to verify if your loan is eligible or to begin the process toward a permanent home loan modification and a more affordable monthly mortgage payment.

*As of now, we are missing the required documents. We cannot complete our eligibility review until we receive the following information from each borrower November 17, 2010.*

- The enclosed Request for Modification and Affidavit (RMA) completed and signed
- Copy of the two most recent pay stubs not more than 90 days old indicating year-to-date earnings (clean and readable)
- Utility bill (gas, electric, water)

**Please note: Keep a copy of all documents for your records. Do not send original income documentation.**

Please complete and fax the remaining documentation to us at 1.800.481.6553 or send to us using the enclosed FedEx envelope. We must receive this information no later than November 17, 2010. Once we receive your remaining documentation, we will notify you of the next steps in the process.

In order to expedite your loan modification process, BAC Home Loans Servicing, LP is working with a third party company, **Home Retention Services, Inc.** Federal law requires that we communicate to you that Home Retention Services, Inc is a licensed debt collector. However, the purpose of the communication is to let you know about your potential eligibility for this loan modification program that may help you bring or keep your loan current through more affordable payments. Please see the enclosed insert for important disclosures from Home Retention Services, Inc.

**Important Information about foreclosure proceedings**

If your loan has been previously referred to foreclosure, we will continue the foreclosure process while we evaluate your loan for the Home Affordable Modification Program. If we do not receive your documents by November 17, 2010, the hold on a foreclosure sale will be released and foreclosure proceedings will resume.

*Dec 6 Traditional Loan mod in review*

*ATTEST 12-14-2010 Badge 9658 Jeremiah*

*1858*

LMO_304

**EXHIBIT K**

## BEST COPY AVAILABLE

Print Form

**Making Home Affordable Program**
**Request For Modification and Affidavit (RMA)**

MAKING HOME AFFORDABLE.gov

**REQUEST FOR MODIFICATION AND AFFIDAVIT (RMA): page 1**   **COMPLETE ALL THREE PAGES OF THIS FORM**

▶ Loan I.D. Number_____  ▶ Servicer _____ **Bank of America** _____

| BORROWER | CO-BORROWER |
|---|---|
| Borrower's name  Patrick T. Burke | Co-borrower's name  Kathleen C. Burke |
| Social Security number     Date of birth  12-30-1952 | Social Security number     Date of birth  03-13-1952 |
| Home phone number with area code  (763) 856-3493 | Home phone number with area code  (763) 856-3493 |
| Cell or work number with area code  (612) 490-1674 | Cell or work number with area code |

| I want to: | ☑ Keep the Property | ☐ Sell the Property | |
|---|---|---|---|
| The property is my: | ☑ Primary Residence | ☐ Second Home | ☐ Investment |
| The property is: | ☑ Owner Occupied | ☐ Renter Occupied | ☐ Vacant |

Mailing address            26610 128th Street NW, Zimmerman, MN 55398
Property address (if same as mailing address, just write same)     SAME        E-mail address

| | |
|---|---|
| Is the property listed for sale? ☐ Yes ☑ No | Have you contacted a credit-counseling agency for help ☐ Yes ☑ No |
| Have you received an offer on the property? ☐ Yes ☐ No | If yes, please complete the following: |
| Date of offer_____ Amount of offer $_____ | Counselor's Name: _____ |
| Agent's Name: _____ | Agency Name: _____ |
| Agent's Phone Number: _____ | Counselor's Phone Number: _____ |
| For Sale by Owner? ☐ Yes ☐ No | Counselor's E-mail: _____ |
| Who pays the real estate tax bill on your property? | Who pays the hazard insurance premium for your property? |
| ☐ I do ☑ Lender does ☐ Paid by condo or HOA | ☐ I do ☑ Lender does ☐ Paid by Condo or HOA |
| Are the taxes current? ☐ Yes ☐ No | Is the policy current? ☑ Yes ☐ No |
| Condominium or HOA Fees ☐ Yes ☑ No  $____ | Name of Insurance Co.:   West Bend Mutual Ins Co |
| Paid to: | Insurance Co. Tel #:   (888) 926-4264 |

Have you filed for bankruptcy? ☐ Yes ☑ No   If yes: ☐ Chapter 7 ☐ Chapter 13   Filing Date:_____
Has your bankruptcy been discharged? ☐ Yes ☐ No   Bankruptcy case number _____

Additional Liens/Mortgages or Judgments on this property:

| Lien Holder's Name/Servicer | Balance | Contact Number | Loan Number |
|---|---|---|---|
| | | | |

### HARDSHIP AFFIDAVIT

I (We) am/are requesting review under the Making Home Affordable program.
I am having difficulty making my monthly payment because of financial difficulties created by (check all that apply):

☑ My household income has been reduced. For example: unemployment, underemployment, reduced pay or hours, decline in business earnings, death, disability or divorce of a borrower or co-borrower.

☑ My monthly debt payments are excessive and I am overextended with my creditors. Debt includes credit cards, home equity or other debt.

☐ My expenses have increased. For example: monthly mortgage payment reset, high medical or health care costs, uninsured losses, increased utilities or property taxes.

☑ My cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time.

Other:

Explanation (continue on back of page 3 if necessary):  *SEE ATTACHED*

**EXHIBIT L**

BEST COPY AVAILABLE

| Number of People in Household: | | |
|---|---|---|

| Monthly Household Income | | Monthly Household Expenses/Debt | | Household Assets | |
|---|---|---|---|---|---|
| Monthly Gross Wages 52 wks 518 | $ 9,533 | First Mortgage Payment | $ 3,054 | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Payment | $ 765 | Checking Account(s) | $ |
| Child Support / Alimony / Separation¹ | $ | Insurance | $ 250 | Savings/ Money Market | $ |
| Social Security/SSDI | $ | Property Taxes | $ 364 | CDs | $ |
| Other monthly income from pensions, annuities or retirement plans | $ | Credit Cards/Installment loans (s) (total minimum payment per month) | $ 456 | Stocks / Bonds | $ |
| Tips, commissions, bonus and self-employed income | $ | Alimony, child support payments | $ | Other Cash on Hand | $ |
| Rents Received No more | $ | Net Rental Expenses | $ | Other Real Estate (estimated value) | $ |
| Unemployment Income | $ | HOA/Condo Fees/Property Maintenance | $ | Other _____ | $ |
| Food Stamps/Welfare | $ | Car Payments | $ 591 | Other _____ | $ |
| Other (investment income, royalties, interest, dividends etc.) from | $ 430 | Other See work sheet | $ 2,844 | Do not include the value of life insurance or retirement plans when calculating assets (401k, pension funds, annuities, IRAs, Keogh plans, etc.) | |
| Daughter Total (Gross Income) | $ 9,963 | Total Debt/Expenses | $ 8,324 | Total Assets | $ |

¹Include combined income and expenses from the borrower and co-borrower if any. If you include income and expenses from a household member who is not a borrower, please specify using the back of this form if necessary.

²You are not required to disclose Child Support, Alimony or Separation Maintenance Income, unless you choose to have it considered by your servicer.

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if you have made this request for a loan modification in person. If you do not wish to furnish the information, please check the box below.

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino |
| | ☑ Not Hispanic or Latino | | ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native | Race: | ☐ American Indian or Alaska Native |
| | ☐ Asian | | ☐ Asian |
| | ☐ Black or African American | | ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | | ☐ Native Hawaiian or Other Pacific Islander |
| | ☑ White | | ☑ White |
| Sex: | ☐ Female | Sex: | ☑ Female |
| | ☑ Male | | ☐ Male |

| This request was taken by: | Interviewer's Name (print or type) & ID Number | Name/Address of Interviewer's Employer |
|---|---|---|
| ☐ Face-to-face interview | | |
| ☐ Mail | Interviewer's Signature          Date | |
| ☐ Telephone | | |
| ☐ Internet | Interviewer's Phone Number (include area code) | |

BEST COPY AVAILABLE

*ACKNOWLEDGEMENT AND AGREEMENT*

*In making this request for consideration under the Making Home Affordable Program, I certify under penalty of perjury:*

1. That all of the information in this document is truthful and the event(s) identified on page 1 is/are the reason that I need to request a modification of the terms of my mortgage loan, short sale or deed-in-lieu of foreclosure.

2. I understand that the Servicer, the U.S. Department of the Treasury, or their agents may investigate the accuracy of my statements, may require me to provide supporting documentation. I also understand that knowingly submitting false information may violate Federal law.

3. I understand the Servicer will pull a current credit report on all borrowers obligated on the Note.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this document, the Servicer may cancel any Agreement under Making Home Affordable and may pursue foreclosure on my home.

5. That: my property is owner-occupied; I intend to reside in this property for the next twelve months; I have not received a condemnation notice; and there has been no change in the ownership of the Property since I signed the documents for the mortgage that I want to modify.

6. I am willing to provide all requested documents and to respond to all Servicer questions in a timely manner.

7. I understand that the Servicer will use the information in this document to evaluate my eligibility for a loan modification or short sale or deed-in-lieu of foreclosure, but the Servicer is not obligated to offer me assistance based solely on the statements in this document.

8. I am willing to commit to credit counseling if it is determined that *my financial hardship is related to excessive debt.*

9. I understand that the Servicer will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of any Making Home Affordable Agreement by Servicer to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Homeowner Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services in conjunction with Making Home Affordable; and (e) any HUD-certified housing counselor.

▶ _____                              10 - 26 - 2010
Borrower Signature                                           Date

_____                                 10 - 26 - 2010
Co-Borrower Signature                                        Date

*If you have questions about this document or the modification process, please call your servicer.*

*If you have questions about the program that your servicer cannot answer or need further counseling, you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.*

888-995-HOPE
Homeowner's HOPE Hotline

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy in your home, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to Lender in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.

**Bank of America** 
Home Loans



P.O. Box 10221
Van Nuys, CA 91409 - 0221

**Notice Date:**   October 29, 2010

**Account No.:**

Patrick T & Kathleen C Burke
28610 128th St Nw
Zimmerman, MN 55398-9403

**Property Address:**
28610 128th St
Zimmerman, MN

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

We have not received your past due payments, so we have referred your home loan to our Foreclosure Review Committee for review.

**WHAT THIS MEANS**

This does not necessarily mean you will lose your home to foreclosure. We want to work with you and are here to help, so please read below about the various options available through BAC Home Loans Servicing, LP to help you avoid foreclosure. Then, call us at 1-800-641-5302 to tell us about your individual situation and together we'll evaluate how one of these options may help.

**WHAT YOU NEED TO DO**

You may be eligible to take advantage of one of the options described below, <u>which may stop the foreclosure process</u>.

- **Repayment Plan:** Based on your financial circumstances and investor requirements, we may be able to arrange a new repayment plan that's easier on you and your finances.

- **Loan Modification:** Depending on investor requirements and if your financial situation has improved *sufficiently to enable you to resume making payments, we may be able to* restructure your loan. This would result in a more affordable monthly payment.

- **Deed-In-Lieu:** This involves signing a deed transferring title to the property over to BAC Home Loans Servicing, LP to avoid foreclosure.

- **Short Sale:** If you receive an offer to purchase your home for less than the total amount you owe, you may still be able to sell the property through a transaction called a "short sale" and avoid a foreclosure sale. This option is wholly dependent on investor requirements, and we can explain those when you call.

- **Full Payoff:** During the foreclosure process, you may sell your property for any amount equal to or exceeding the total amount owed on your loan, or you may refinance your loan, both of which would allow you to pay the loan in full.

The availability of these options is dependent on a variety of factors, some of which are not within BAC Home Loans Servicing, LP's control. However, we encourage you to call Loss Prevention at 1-800-641-5302 so that we may review your situation with you and discuss which plans may be available to you.

We want to help you. Please call us.

This communication is from BAC Home Loans Servicing, LP, the Bank of America company that services your home loan.

FCOPTLET

**EXHIBIT M**

Jul 04 11 08:04p      Patrick T. Burke                          763 856 3493                    p.42

**Thank you for sending your financial documents.**

**Here's what to expect next.**

BEST COPY AVAILABLE

Patrick T Burke
Kathleen C Burke
28610 126TH ST
ZIMMERMAN, MN 55398

Loan Number:                                              June 14, 2011

Dear Patrick T Burke and Kathleen Burke:

Thank you for sending your financial documents to support the Home Affordable Modification Program loan modification eligibility review. We are reviewing them to determine if your loan is eligible for the program.

When we have completed our review, we will contact you to discuss your loan's eligibility for a modification. We will give you one of these three responses:

- Your loan has been approved to begin a Trial Period. This notification will come in the form of a Trial Period Plan letter. The letter would provide you details of your Trial Period Plan and instructions on how to proceed.

- Your loan is not eligible for this program, but may be eligible for other loan assistance options. This notification will come in the form of a letter describing other options such as a different modification program.

- We need more information from you to make our decision. We will either call you or send you a letter with this request.

Thank you for your interest in the Home Affordable Modification Program. If you have questions about the process please contact us at 1.800.669.6650. We are available Monday ~ Thursday 8 a.m. – 12 midnight, Friday 8 a.m. - 10 p.m., Saturday 8 a.m. – 6 p.m. and Sunday 3 p.m. - 12 midnight Eastern.

Home Loan Team                                  **Bank of America** 〉〉〉 Home Loans
BAC Home Loans Servicing, LP

BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about your potential eligibility for a loan modification program that may help you bring or keep your loan current through affordable payments.

Mortgages funded and administered by an Equal Housing Lender.
Protect your personal information before recycling this document.

**EXHIBIT N**

Jul 04 11 08:14p        Patrick T. Burke                763 856 3493                p.66

Warren E. Peterson
Jerome P. Filla
Daniel Witt Fram
Glenn A. Bergman
John Michael Miller
Michael T. Oberle
Steven H. Bruns*
Paul W. Fahning*
Sonja R. Ortiz
Ben I. Rust
Jonathan R. Cuskey
Tracy J. Halliday
Jared M. Goerlitz
Dan M. Duffek*



Suite 800
55 East Fifth Street
St. Paul, MN 55101-1718
(651) 291-8955
(651) 228-1753 facsimile
www.pfb-pa.com

Direct Dial #(651) 290-6908

June 20, 2011

Patrick and Kathy Burke
28610 128th Street
Zimmerman, MN 55398

RE:    Bank of America, Mortgage Foreclosure Proceedings
       Loan No:
       Property: 28610 128th Street, Zimmerman, MN
       Date of Sale: August 9, 2010
       Our File No: 16751-101016

Dear Mr. and Ms. Burke:

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. BE ADVISED THAT THE UNDERSIGNED IS A DEBT COLLECTOR.**

I am in receipt of your undated letter regarding your possible review for HAMP qualification. Please be advised that the foreclosure sale was completed on August 9, 2010 and the redemption period has expired. You are no longer the owners of the property and are no longer eligible for any HAMP assistance. Obviously, I was not at your meeting with the representative fro BAC Home Loans, but I assume he misunderstood that your mortgage had not already been foreclosed and the redemption period expired. Unless BAC Home Loans agrees to undertake a district court action to set aside the foreclosure sale and re-establish the mortgage of record, you are not eligible for assistance.

Sincerely,

Steven H. Bruns

SHB:cge

*ALSO ADMITTED IN WISCONSIN

**EXHIBIT O**